## Hager and wife vs. Danforth.

Where a person goes to the house of another, for the purpose of serving a subpœna upon him, and the latter is in the house at the time, these circumstances amount to a legal license to enter : and if the person having the process finds the outer door open, and enters peaceably, he is lawfully there, and may use such force as is necessary to overcome any resistance he may meet with in the service of the subpœna; being liable only for an excess of violence, beyond what is necessary to overcome the resistance.

The fact that the person having the process is ordered by the wife of the party sought to be served, to leave the house, will not render him a trespasser in proceeding to serve the subpœna

APPEAL from an order made at a special term, denying a new trial. The action was brought to recover damages for an assault and battery alleged to have been committed upon Mrs. Hager. It was tried at the Schoharie circuit, in September, 1852, before Mr. Justice WRIGHT. It appeared upon the trial, that in August, 1851, a suit was pending before Henry R. Briggs, esquire, a justice of the peace, in which the defendant in this action was plaintiff and the plaintiff, Daniel J. Hager, was defendant. On the day upon which the suit was to be tried, the defendant Danforth procured from the justice a subpœna for the plaintiff Hager, and proceeded to his house for the purpose of serving the same. Finding the kitchen door open, he entered, but was met and resisted by Mrs. Hager. Hager was up stairs at the time, lathing. The defendant, in attempting to force his way to the stairs, against the resistance of the wife, choked her and threw her back against the catch of a door, and slightly bruised her. When the defendant first entered, Mrs. Hager ordered him out of the house, and he replied that he had a subpœna to serve on Hager, and pressed on towards the door leading to the chamber. At length the husband came down stairs, and the defendant served the subpœna upon him, and soon after left the house. The judge charged the jury that a license to enter the house for the purpose of serving the subpœna was to be implied, but that, " *after Mrs. Hager had ordered the defendant out, the subpœna was not a justification or protection to him in pressing forward and, when resist-*

Hager *v.* Danforth.

*ed in his advance, using force to serve it."* To this part of the charge, the defendant's counsel excepted. The jury found a verdict in favor of the plaintiff for $250. The defendant, upon a case, moved at a special term, for a new trial, which motion was denied. From the order denying a new trial, he brought an appeal to the general term.

*L. Tremain,* for the plaintiffs.

*H. Hogeboom,* for the defendant.

*By the Court,* HARRIS, J. The defendant went to the plaintiff's house with process which he was authorized by law to serve. (2 *R. S.* 240, § 82.) The person upon whom he was to make the service, was in the house. These facts amounted to a legal license, and, having found the door open, and entered peaceably, the defendant was lawfully there. Deriving his authority to be there from the law, and not from the consent of the plaintiffs, he was under no obligation to obey Mrs. Hager, when she ordered him to leave. Not having conferred upon him his license, she had no power to revoke it. He was as rightfully there after he had been directed to leave, as before. I know of no duty which bound him to desist from the execution of the lawful purpose which had brought him there. If his taste led him to encounter the vituperation and violence of such a woman as he met there, it was his right to do so. To the extent, therefore, that the force used by the defendant was necessary to overcome the unlawful resistance he met in the service of the subpœna, it was lawful. Mrs. Hager was the wrongdoer, and not the defendant. If he used more force than was necessary to enable him to accomplish his purpose, to that extent he is liable as a wrongdoer.

The jury were led to understand, upon the trial, that after Mrs. Hager had ordered the defendant out, the subpœna furnished him no justification or protection. In effect, they were instructed that by remaining, after having been ordered to leave, the defendant became a trespasser. In this, they were

misled, and the result was a verdict against the defendant to
an amount entirely unwarranted by the evidence.

The jury ought to have been told that, inasmuch as the de-
fendant had entered the house in a peaceable manner, under a
license given him by law, he had a right to remain there until he
had effected the service of the subpœna; that Mrs. Hager, by
resisting the defendant in making such service, was herself
guilty of an unlawful act, and that the defendant was justified,
notwithstanding such resistance, in using all the force neces-
sary to enable him to serve the subpœna, and that he was only
liable for any excess of violence used by him more than was
necessary to overcome the resistance with which he met. I am
of opinion, therefore, that the order of the special term should
be reversed, and that a new trial should be granted, with costs
to abide the event.

[ALBANY GENERAL TERM, September 4, 1854. *Wright, Harris* and *Watson,*
Justices.]