Burns *v.* Fredericks.

ANDREW BURNS, JR., *vs.* CHARLES FREDERICKS.

In an action for injuries committed by a dog the defendant denied being the owner of the dog. The dog at the time was in the possession of one *M*, who at the time of the trial was absent from the country. Held that declarations of *M*, made immediately after the injury, that he did not own the dog and that it belonged to the defendant, were not admissible in evidence for the plaintiff.

The defendant admitted that on the morning after the injury he took the dog into his possession. Held that, for the purpose of explaining this act, he might prove a declaration made to him by *M* immediately after the injury, that he had bought the dog of the defendant but that now he would not keep him.

One *W*, an eye witness of the occurrence, having testified for the plaintiff to facts tending to show that the dog made the attack without provocation, the defendant was allowed, against the objection of the plaintiff, to ask him whether he had not said that the dog was not to blame. Held that this enquiry was not objectionable as calling for a matter of opinion and not of fact.

The mother of the plaintiff, (who was a child,) testified for the plaintiff, as to the extent of his injuries, she not having seen the occurrence. On cross-examination the defendant was allowed, against the objection of the plaintiff, to ask

her whether both the plaintiff and *W* had not told her that the dog was not
to blame, to which she replied that she did not remember that either of them
had told her so.   The defendant afterwards offered evidence that she had said
that she knew the dog was not to blame, which, against the objection of the
plaintiff, the court admitted.   Held—1. That the evidence was not wholly irrele-
vant, inasmuch as it tended to show that the plaintiff and *W* might have stated
the facts to her at the time differently from their testimony at the trial.   2.
That if inadmissible it seemed to be of too little importance to be a ground
for granting a new trial.

The plaintiff in his motion for a new trial complained that the court below
charged the jury that the statute provided that any dog should be presumed to
be owned by the person on whose premises it was kept.   The motion stated
that this charge was given "among other things," but did not show what those
other things were, nor what application the court made of the statute, nor in
what connection it was alluded to, nor for what purpose.   Held that the
objection was not presented in such a way that the court was bound to con-
sider it.

TRESPASS for injuries done by the defendant's dog to the
plaintiff, a minor who sued by his father and natural guar-
dian ; brought to the Superior Court in Fairfield county, and
tried to the jury on the general issue before *Sanford, J.*

On the trial the plaintiff claimed to have proved by the
testimony of himself and one Wielbacker, that while passing
along a public street in Bridgeport, on his way to his father's
house, being then a child of eight years of age, he saw a
large dog belonging to the defendant loose in the street, and
a number of boys engaged in throwing stones before the dog
for the purpose of having him run after them and bring them
back ; that while the dog was waiting and watching for the
stones to be thrown, the plaintiff, playfully and without ap-
prehending any danger, put his arms around the neck of the
dog to hold him back ; that the dog instantly turned, seized
the plaintiff and bit his face severely ; that the dog, at the
time, was kept for the defendant by one Mitskey, a keeper of
a saloon near by, who some time before the trial went to
Europe, and in whose hands, several months before, the de-
fendant had left the dog for the purpose of having him kept
for him.   The plaintiff offered his father to testify that imme-
diately after the plaintiff was bitten the father applied to
Mitskey, who, it was admitted, was then in possession of the
dog, to learn of him who was the owner of the dog, and that

Mitskey made answer that he did not own him. The plaintiff then enquired of the witness what induced him to go and see Fredericks the defendant. He answered that Mitskey told him that Fredericks owned the dog when the mischief was done. To both of these answers the defendant objected, and the court excluded them.

On the cross-examination of Wielbacker the defendant enquired of him whether he had not said that the dog was not to blame. To this the plaintiff objected, but the court overruled the objection; and the witness answered, that he had not said that the dog was not to blame.

The plaintiff introduced his mother, Sarah Burns, to testify to his condition after the injury. On cross-examination the defendant asked her whether Wielbacker told her on the night following the accident that the dog was not to blame; also whether the plaintiff did not tell her that the dog was not to blame. To both of these questions the plaintiff objected; but the court overruled the objections and allowed the enquiries.

The defendant, for the purpose of contradicting the testimony of Wielbacker, offered evidence that the latter, on the night following the accident, said that the dog was not to blame. To this the plaintiff objected, on the ground that it only contradicted the witness in a matter of judgment, and that it was irrelevant; but the court admitted it. The defendant also offered evidence that Sarah Burns said that she knew that the dog was not to blame for what he had done; to which the plaintiff objected, but the court admitted it.

The defendant, having offered evidence to prove that the dog was the property of Mitskey, also testified that on the morning after the injury Mitskey told him that he knew that he had bought the dog of the defendant, but that he would not have him now, and would kick him out of doors on account of the occurrence. To the admission of this evidence the plaintiff objected, but the court admitted it. But the defendant offered the evidence, and the court admitted it, solely to explain the fact, which the defendant did not deny, that he took the dog away with him on the morning after the

accident, and immediately after the last mentioned conversation with Mitskey, and had never thereafter collected or attempted to collect any pay for him of Mitskey.

The jury having returned a verdict for the defendant, the plaintiff moved for a new trial for error in the rulings and charge of the court. The part of the charge objected to was stated by the plaintiff in his motion only as follows :—" The court charged the jury, among other things, that the statute provided that any dog should be presumed to be owned by the owner or occupier of the premises on which such dog should be kept or harbored."

*Sturges* and *G. W. Warner*, in support of the motion.

1. The possession of the dog by Mitskey was some evidence that he owned him. It was an act of Mitskey, and his declaration explained or characterized this possession, and showed its true character to be not a possession for himself as owner but as bailee. It was against his interest. *Avery* v. *Clemons*, 18 Conn., 306 ; *Willies* v. *Farley*, 3 Car. & P., 395 ; *Smith* v. *Smith*, 3 Bing., N. C., 29 ; *Pocock* v. *Billings*, Ry. & Mood., 127 ; *Baron DeBodes' case*, 8 Adol. & El., *N. S.*, 208, 244 ; *Adams* v. *Davidson*, 10 N. York, 309, 313 ; *Fellows* v. *Fellows*, 37 N. Hamp., 75 ; 2 Russ. Ch. R., 67; note ; *Ivat* v. *Finch*, 1 Taunt., 141 ; 1 Phil. Ev., 257 ; 2 id., 645, 592; *Marcy* v. *Stone*, 8 Cush., 4 ; *Ford* v. *Haskell*, 32 Conn., 489 ; *Lund* v. *Inhabitants of Tyngsborough*, 9 Cush., 36.

2. The testimony of the defendant to prove a declaration by Wielbacker that the dog was not to blame, was inadmissible. If Wielbacker himself had testified that the dog was not to blame, such testimony would have been inadmissible. It was the expression of an opinion that the dog had done nothing for which the owner could be held responsible, which involved a question of law, and was the very matter to be submitted to the jury. The same objection applies with increased force to the evidence of a similar declaration by Sarah Burns. It was mere opinion, based upon the representations of others. *Elton* v. *Larkins*, 6 Car. & P., 385 ; 2 Phil. Ev., 727 ; *Simmons* v. *New Bedford & Nantucket Steam-*

*boat Co.*, 97 Mass., 361, 371; *Perkins* v. *Augusta Ins. & Banking Co.*, 10 Gray, 312, 324; 1 Smith Leading Cases, 764; *Lane* v. *Bryant*, 9 Gray, 245; *Robinson* v. *Fitchburg & Worcester R. R. Co.*, 7 id., 92, 96; *Attorney General* v. *Hitchcock*, 1 Exch., 91; *De Witt* v. *Barley*, 17 N. York, 340, 345.

3. No one will contend that the first part of Mitskey's declaration to the defendant, standing alone, would be admissible. It is hearsay evidence in its most objectionable form. The whole is equally inadmissible. Mitskey's motive, and his purpose in regard to the dog, are wholly immaterial. But it was offered and received by the court wholly to explain the fact that the defendant took the dog away on the morning after the accident; a fact in itself immaterial and irrelevant. The injury had been done, a cause of action had accrued; and anything said or done by the defendant and Mitskey the day after could not affect the cause of action. This testimony could have been offered for one purpose only, to bring in the declaration of Mitskey that he had bought the dog. No authority can be found to sanction this decision of the court. *Enos* v. *Tuttle*, 3 Conn., 250.

4. The court erred in charging the jury that the statute provided that every dog should be presumed to be owned by the owner or occupier of the premises on which such dog should be kept or harbored. The statute referred to raises the presumption of ownership in the occupier of premises for the purpose of registering the dogs and taxing their owners, and for that purpose only; and evidently this statute is conclusive, and the owner of the premises is precluded from showing the contrary in all cases provided for by the statute. If this be the correct construction of the statute, then when the court informed the jury of such provision of the statute, the jury were bound to consider this presumption of the statute conclusive, and that they must find Mitskey to be the owner, notwithstanding all evidence to the contrary. It certainly could not have been the intention of the legislature to prescribe a rule of evidence applicable to all cases in which the title to dogs should come in question; for in that case

any trespasser who could get a dog upon his premises could set the owner at defiance.

*Sanford*, contra.

BUTLER, C. J.   This was an action to recover for damage done by a dog, against the defendant as owner, the dog at the time being in the keeping of another person, one Mitskey, whom the defendant claimed to be the owner.   The case presents numerous questions, which will be considered in the order in which they are presented by the motion.

1.   The first two questions relate to declarations by Mitskey to the plaintiff's father, after the injury, while he was in possession of the dog, to the effect that the defendant was the owner.   The plaintiff sought to get these declarations before the jury, as evidence that the defendant owned the dog. The court properly excluded them.   Mitskey was not the agent of the defendant, nor the keeper of the dog under the defendant, and was interested to impose the ownership on the defendant to avoid liability for the injury.   The declarations were clearly inadmissible.

One Wielbacker was examined as a witness for the plaintiff to prove the injury and how it occurred.   The motion does not show that his testimony in relation to what took place at the time of the transaction was objected to by either party.   But on his cross-examination the defendant's counsel inquired of him whether he had not said that the dog was not to blame, which question and answer were objected to, but admitted by the court.   The witness answered that he had not so said.   The motion does not show particularly what the testimony of Wielbacker was.   The question clearly had relation to the matter testified to by the witness in chief, and the motion does not show that the declaration would not have tended to contradict the witness, nor that it was not within the latitude of cross-examination which the court in its discretion might properly admit.

3.   The defendant also inquired of another witness, Sarah Burns, whether Wielbacker had not told her that the dog

was not to blame. The bearing of this question clearly was to contradict the testimony of Wielbacker, and it was clearly admissible. It is not an answer to this view of the case to say that the question involved a mere matter of opinion. The declaration if made may have reached much farther, and for aught that appears on the motion may have tended to show that Wielbacker had not stated in his testimony all the acts of provocation committed by the plaintiff upon the dog, or had not stated them truly. And the same view is taken of the testimony of the defendant on the same point, which was objected to for the same reason.

4. The defendant also offered the declaration of Sarah Burns that she knew the dog was not to blame for what he had done, and that declaration was objected to and admitted. Sarah Burns had been inquired of when on the stand as witness for the plaintiff, whether or not Wielbacker had told her, on the night following the accident, that the dog was not to blame. She was also inquired of whether the plaintiff had not told her so. She answered both questions in the negative.

The motion shows that Wielbacker and the plaintiff were present at the injury but does not show that any other witnesses were. If the witness had herself admitted that she had made such a declaration, it would have tended in some degree to show that she had received a different version of the transaction from that testified to by Wielbacker and the plaintiff and received it from them. The bearing of the testimony was evidently slight, but we cannot say that it was inadmissible, or that it was of sufficient importance if inadmissible to justify the granting of a new trial.

5. The defendant offered the declarations of Mitskey to him, to the effect that he bought the dog of the defendant, but would not have him any longer. The testimony was offered and received to explain the fact that the defendant took possession of the dog on the next day, and for that purpose was clearly admissible.

6. The motion states that the court charged the jury, among other things, that the statute provided that any dog should be presumed to be owned by the owner or occupier of

the premises on which such dog was kept or harbored. We cannot find error in this part of the charge. This is the plaintiff's motion, and he is bound to point out clearly the error of which he complains. It is said that this was charged "among other things," but among what other things, or in what connection with them, or for what purpose, does not appear. There is such a statute, and the motion shows that the judge alluded to it in his charge, but in what connection, or for what purpose, or what construction he gave it, or what application he made of it, or how the plaintiff was or could be aggrieved by the allusion to it, does not appear, and the objection need not be considered.

For these reasons we advise the Superior Court that a new trial should be denied.

In this opinion the other judges concurred.