IRA E. HULL AND WIFE vs. JOSEPH L. BARTLETT AND OTHERS.

An officer has no right to use force upon the person of a defendant on whom he is making service, for the purpose of identifying him.

Where in trespass a verdict was rendered for $40 damages, and the defendant moved for a new trial for error in the charge of the court, and it was manifest that a new trial could legally result only in another verdict against him, but probably for smaller damages, it was held that a new trial ought not to be granted even if the charge was erroneous.

TRESPASS for an assault; brought to the Superior Court in Hartford County, and tried to the jury before *Hitchcock, J.* Verdict for the plaintiffs and motion for a new trial by the defendants for error in the charge of the court. The case is sufficiently stated in the opinion.

*W. C. Case* and *C. H. Briscoe*, in support of the motion.

*S. F. Jones*, contra.

LOOMIS, J. This is an action for assault and battery on Mrs. Hull, one of the plaintiffs. The defendant pleaded the general issue with notice of matters of justification. The facts claimed to have been proved by the defendant are substantially as follows:

The defendant Bartlett, at the time, was deputy sheriff; a lawful writ of summons had been placed in his hands to be served on Mrs. Hull, who, knowing that service was about to be made upon her, fled from town to town and hid herself in many different ways and places, resorting to extraordinary expedients and subterfuges to elude the officer. At last the defendant traced her, as he believed, to the house of one Viets, where upon inquiry he was told she had left in the morning. Permission to search was for a time denied, but afterwards granted; but she was not found in the house. Finally the door of a small outbuilding was discovered fastened. But no response could be

obtained from any person within, after repeated calls. At last the defendant (having first obtained permission of the owner for that purpose) forced the door and found a woman lying on the floor with her head and face closely wrapped to prevent identification. The defendant repeatedly requested her to uncover her face in order that he might know who she was, stating his business. But after waiting long, she still kept her position and the covering over her face. He then, as gently as possible, raised her up and uncovered her face for the mere purpose of identifying her, that he might complete the service and make truthful return upon the writ.

The counsel for the defendants claimed " that under the circumstances of the case the question for the jury was, whether the defendant Bartlett acted reasonably in opening the door in the manner he did, and in removing the covering from Mrs. Hull's face; and that if he acted reasonably, using no more force than was necessary, the defendants were not liable."

The court did not charge as requested, but told the jury that "if Bartlett had read his process to her while he was outside the building and she was within it, or if he had read it to her through the aperture in the end of the building in a voice loud enough to have been heard by her within, so that she would have understood the contents of the process that he was serving on her, that would have been a compliance with the statute, and by force of it the service on Mrs. Hull would have been complete. But if you believe it was necessary that the officer should have been inside of the out-building in order to have read his process in her hearing, then he might enter the out-building for that purpose by breaking the door; and Mrs. Hull would have been in the wrong in resisting the entrance, if such resistance was only to prevent the officer from making service of his process."

The jury must have understood from these instructions that the forcing open of the door of the out-house by the defendant could only be justified by the fact (of which

they were to be satisfied) that the person within the build-
ing could not have heard or understood the reading by the
officer without; that if she could have heard and understood,
the door could not have been lawfully broken open, and the
officer should have contented himself with simply reading
the process and leaving the person within entirely unmo-
lested.

Such instruction might have been proper if the officer
had certainly known in whose hearing he was reading the
process, but the charge ignores entirely the prominent fact
in the case, that the officer had no knowledge whatever
that Mrs. Hull was there or indeed that any person was
within the building. There was the suggestive fact that
the door was fastened, and that was all; but for aught that
appears, it was possible to have fastened the door from
without. Under these circumstances, if the officer had
contented himself with reading the process as suggested, all
the return he could have truthfully made would have been
that he read the process near a small out-building with the
door closed and fastened, and in the hearing of Mrs. Hull
if she was within.

We think that under the circumstances the defendant
had a clear right to open the door and be in the presence of
the person, if any, who might be there. The charge, there-
fore, was calculated to do injustice to the defendant. It
put him at once in the position of a wrong-doer, provided
the jury thought the reading outside could have been heard
within, and it put Mrs. Hull in the position of rightful
resistance to his entrance of the building.

But nevertheless it is not clear that we should grant a
new trial on that account. It was calculated to aggravate
the damages, and if a large sum had been awarded it'might
well have been attributed to this circumstance. But the
verdict was for forty dollars only, too much probably for
the plaintiff's deserts; but still too small for the defendant
to gain anything 'by the granting of a new trial, provided
the facts as conceded 'by the defendant make him liable at
all for a technical assault. *Buddington* v. *Knowles*, 30
Conn., 26.

The breaking of the building was not the gist of the action; the defendant is not sued for that, but for what he did after he was within the building.

The defendant conceded that he took the plaintiff from the floor, gently it is true, and used force enough to uncover her face. This would amount to a technical assault unless some justification appears. The justification, if any, must be found in the necessity the officer was under to identify the person and in what rights the law gives him for that purpose.

As preliminary to the determination of this question we must distinguish between matters of fact for the jury, and matters of law for the court.

The defendant contended in the court below that the question for the jury was whether the defendant acted reasonably, and whether he used more force than was necessary, and his chief ground for a new trial is that the court did not leave the question to the jury in this manner.

But in order to leave to the jury, as matter of fact, the question of reasonable force, the law must first concede to the defendant the right to use force for the purposes claimed. And right here is the difficulty in the case.

Under the circumstances of this case will the law justify an act on the part of the officer which would otherwise constitute an assault and battery?

It was the officer's duty, and he had a right, to make personal service of the writ, and in the performance of this duty the plaintiff had no right to obstruct or resist him. If she did so, the defendant had an undoubted right to use all the force necessary to overcome such obstruction or resistance. *Hager & wife* v. *Danforth*, 20 Barb., 16.

The right to overcome with necessary force all active resistance is clear, but is there the same right to overcome, by the same means, mere passive resistance? We think not. It is obvious that the plaintiff could do or omit to do many things to delay, hinder and embarrass the service of a writ not only with impunity, but without giving the officer any right to use force. She could flee from town to town

and hide herself.   She could make identification difficult by change of dress, by cutting or dyeing her hair, or blacking her face, or wearing a mask or a veil.   The law must declare the circumstances and occasions when an assault is justifiable.   It would not do to leave it to the jury to determine whether the conduct was reasonable unless the law first declares it to be a case for the use of such force.

There are no authorities that determine the precise question that controls this case.   It must be settled by the analogies of the law, and in such manner as to secure those immunities and rights which the law holds most precious.

Suppose Mrs. Hull had fled before the officer and had entered her own dwelling-house, closing after her the outer doors; the law surely would have said to the officer "thus far and no farther," but the dwelling surely is not more sacred than the person of the dweller.   The law has given every one an inherent right to immunity from interference with or violence or injury to his body at the hands of any other person.

The exceptions where an assault is justifiable are all founded on the highest necessity.   We do not think the mere importance of identifying a person for the service of civil process comes up to the spirit and reason of any of the recognized grounds for justifying an assault.

The completion of the service and return of a mere summons is no more important than the service of an attachment of the property of a defendant.   Suppose the only attachable property is in the pockets of the defendant; could an officer without his permission lay hold of his person, search his pockets and take therefrom attachable property?   We are not aware that such a right has ever been claimed for an officer.

We conclude that the court was right in refusing to charge the jury as requested and in charging them that an assault and battery could not be justified under the claim that it was necessary in order to furnish evidence of the

identity of the person on whom the officer has served or is about to serve a process of summons.

A new trial is not advised.

In this opinion the other judges concurred.