Donaghue *v.* Gaffy.

WILLIAM DONAGHUE AND ANOTHER *vs.* JOHN H. GAFFY.

The defendant published of the plaintiffs, who were a firm of wholesale liquor dealers, the following:—" To the Liquor Dealers of Hartford: In order that you may be on your guard against the base treachery of a concern you may be doing business with, I desire to state a few facts in regard to my experience with this firm. I refer to Donaghue Brothers, consisting of William and Edward Donaghue. I have been in the habit of buying nearly all my goods of them, but because I quit buying of them, they went to the savings bank, of whom I rented my place, and offered ten dollars more a month than I was paying, and, after getting their lease, served a notice on me to immediately vacate. The firm is not worthy of our support, being guilty of foul and unfair dealings to get square, as they say, with one who exercises the right to trade where he likes, and I sincerely believe they deserve that kind of warfare known as 'boycotting,' and request those who believe in the fair thing as between man and man, to give their support to some other house. For further particulars call on the undersigned. J. H. GAFFY." In an action for a libel in this publication, in which the damage alleged was to the joint business of the plaintiffs, it was held—

1. That evidence of the mental suffering of the individual plaintiffs was not admissible.

2. That if the libel could be construed as against the separate individuals of the firm, and the complaint had so charged, a joint suit could not have been maintained.

3. That the words were not actionable *per se.*

4. That the smallness of the damages recovered in the court below was not a reason for not granting a new trial to the defendant, because all the damages allowed by the jury appeared to have been for mental suffering, so that the trial resulted in a judgment wholly erroneous.

In a suit for a libel the truth of the matter published must be specially set up in the defense, if the defendant wishes to take advantage of it, either for justification or mitigation of damages.

And it makes no difference that the matter published is not a libel *per se,* so long as it shows on its face personal animosity equivalent to actual malice.

This has been the long established rule, and there is nothing in the Practice Act to change it.

The Practice Act, in both spirit and letter, requires that all formal and technical objections be made known as early as practicable, that the plaintiff may amend or proceed anew, and that the parties may, as expeditiously and inexpensively as possible, reach and settle the controversy on its merits.

While the omission to demur to defects appearing on the face of the pleadings may be regarded as a waiver of the objection, yet this court

reserves the right, in cases brought before it for review, to consider questions not thus raised, if the objections are of such a character as to nullify the proceedings and render the judgment liable to be set aside on a writ of error.

[Argued May 6th—decided June 8th, 1885.]

ACTION for a libel; brought by the plaintiffs to the Superior Court in the county of Hartford.

The complaint alleged that the plaintiffs, on the 19th day of April, 1881, were engaged in the wholesale liquor business in the city of Hartford as a firm under the name of Donaghue Brothers, and that the defendant on that day caused to be printed the following circular, and distributed a large number of copies of it within the city of Hartford, and especially among the customers of the plaintiffs :

" *To the Liquor Dealers of Hartford and vicinity :*

"In order that you may be on your guard and protect yourselves against the base treachery of a concern you may be doing business with, I desire to state a few facts in regard to my experience with this firm. The concern I refer to is Donaghue Brothers, consisting of William and Edward Donaghue. I have been in the habit of buying nearly all my goods of them for years, but because I quit buying of them, they went to the Middletown Savings Bank, of whom I rented my place, and offered ten dollars more a month than I was paying, and, after getting their lease of the premises, served a notice on me to immediately vacate. Considering the mean and unfair manner in which this firm have treated me, I have wondered to myself whose turn will come next, should anybody feel like exercising their right to buy of whom they like. I believe it is time to speak out and warn the trade against a firm who, because we buy of somebody else, subject ourselves to the same treatment I have received. The firm of Donaghue Brothers are not worthy of our support, being guilty of foul and unfair dealings to 'get square' as they say, with one who exercises that right that every honest man has who pays his bills to trade where he likes, and I sincerely believe they deserve that kind of warfare recently inaugurated in

a little green isle across the sea, known as 'boycotting,' and request those who believe in the fair thing as between man and man, to give their support to some other house. For further particulars call on the undersigned.

"J. H. Gaffy."

The complaint then averred that the publication was false and malicious, that it was distributed for the purpose of injuring the plaintiffs' business, and that the effect had been and would be to cause customers to refuse to buy of the plaintiffs, whereby they had been and would be subjected to heavy pecuniary loss.

The case was tried to the jury, on a general denial, before *Sanford, J.*, and a verdict rendered for the plaintiffs for fifty dollars damages. After the verdict the defendant moved in arrest of judgment on the ground of the insufficiency of the .complaint, which motion was overruled and judgment rendered on the verdict. The defendant appealed. On the appeal the court made the following finding.

On the trial the plaintiffs offered to show that by reason of the printing and publication of the libel, they suffered great mental pain and distress, and asked to be compensated therefor. To this evidence the defendant objected, on the ground that as the suit was a partnership suit, or a suit brought by the firm of Donaghue Brothers, such evidence was inadmissible, for the reason that a copartnership could not suffer mental pain or distress; and that the evidence was inadmissible for the further reason that there was no allegation in the complaint of such mental pain or distress, or claiming damage therefor. The plaintiffs' counsel, in answer to the first objection, stated that the suit was not brought as a copartnership, but as an individual suit, and as to the second objection, that it was not necessary that the complaint should allege and claim damage for mental suffering in order to recover therefor. The court overruled the several objections made to the evidence by the defendant, and allowed the same to be offered by the plaintiffs, to

which ruling the defendant took exception. The defendant under his plea of the general issue offered evidence to prove the truth of the alleged libel, which evidence was objected to by the plaintiffs and ruled out by the court; to which ruling the defendant duly excepted.

*H. O'Flaherty* and *D. L. Aberdein,* for the appellant.

1. It is entirely clear from the complaint that the suit was brought as a partnership suit, and not as the suit of the individual plaintiffs. It is not merely alleged that the plaintiffs were partners under the name of Donaghue Brothers, but the alleged libel was clearly aimed at the firm, and the suit is brought to recover damage for the injury done to the business of the firm and for that alone.

2. A partnership as such can not be regarded as suffering mental distress, and certainly can not recover damages therefor. Townshend on Slander, (2d ed.,) 262, 298; *Titus* v. *Follet,* 2 Hill, 318; *Beardsley* v. *Tappan,* 1 Blatchf., 588.

3. The court erred in holding that the defendant under the general issue could not prove the truth of the alleged libel. Its falsity was averred by the plaintiffs and had to be proved as a part of their case, and the defendant had the right to show that it was not false.

4. The motion in arrest of judgment should have been granted. The complaint contains no allegation that the libel was published of and concerning the plaintiffs; and the suit is brought by them as two individuals while the supposed libel is clearly against the firm only, and the damages claimed are only those sustained by the firm.

*C. E. Perkins* and *J. G. Calhoun,* for the appellees.

1. The mental suffering here proved was a direct result of injury to the joint business. It was anxiety over business safety, originating when business interests were attacked, proportioned in intensity to business peril, ending when that peril had passed, and it would naturally have interfered with their prosecution of the joint business. And this distress did not need to be alleged. Mental dis-

tress, resulting from a tort of this kind, is included among those general damages which the law presumes, and which need not be specially pleaded. *Seger* v. *Barkhampsted*, 22 Conn., 298; *Swift* v. *Dickerman*, 31 id., 294; *Adams* v. *Smith*, 58 Ill., 417. A tort-feasor is responsible for all the immediate injury occasioned by his wrongful act. *Swift* v. *Dickerman, supra.* Mental suffering is undoubtedly one of the natural consequences of a tort of this kind, and the fact that a person is associated with a partner does not remove the anxiety occasioned by an attack on his business. The distress occasioned to individuals thus connected in business by a dangerous libel being therefore a wrong for which the tort-feasor can be held responsible, it remains to be seen how that suffering can be remedied.

2. The defendant claims that we can not recover in this joint action for this mental distress. His position here is that we have not brought suits enough against him; that the injury can only be satisfied by two additional actions, in which these plaintiffs shall sue separately. In each of these actions the plaintiff would have a right to demand satisfaction for loss actually suffered, for compensation for the expenses of suit and for vindictive damages. Such a multiplication of suits is to be avoided if possible, and for this reason, if for no other, the plaintiffs may recover in a joint action for mental distress suffered in consequence of a libel of their joint business. *Le Fanu* v. *Malcomson*, 1 H. L. Cases, 666; *Foster* v. *Lawson*, 3 Bing., 456; *Robinson* v. *Marchant*, 7 Queen's Bench, 926. If the plaintiffs are allowed to recover in this action it will be a bar to separate actions brought for the mental anxiety suffered by each. *Holcomb* v. *Phelps*, 16 Conn., 127.

3. If, however, the court shall be of the opinion that the court below should not have admitted evidence of mental suffering, yet a new trial should not be allowed because of a technical error in the ruling. The damages awarded are small, and not based solely or mainly on the mental suffering, nor does it appear that the jury increased the damages on that account, and to allow a new trial where the amount

in question is trivial, and where the only gain that can pos-
sibly accrue to the defendant is a slight reduction in the
damages, is only to gratify the same spirit that prompted
the libel, and is against the uniform practice of this court.
*Buddington* v. *Knowles*, 30 Conn., 26; *Burns* v. *Fredericks*,
37 id., 92; *Hull* v. *Bartlett*, 49 id., 66.

4. There can be no question as to the correctness of the
ruling that the defendant could not, under the general
issue, prove the truth of the libel. The defendant chose
to rest his case on the general issue, and the case of *Swift*
v. *Dickerman*, *supra*, leaves no doubt that the truth must
be specially pleaded if the defendant wishes to take advan-
tage of it. And it is immaterial that the complaint alleges
the charge to be false and malicious. Such an allegation
was superfluous, as the law implies malice from the publica-
tion of words that are libelous *per se*. *Dale* v. *Harris*, 109
Mass., 193; *Gassett* v. *Gilbert*, 6 Gray, 94; *Brow* v. *Hatha-
way*, 13 Allen, 239; *Zuckerman* v. *Sonnenschein*, 62 Ill., 115.
Nor is a plaintiff permitted to prove the falsity of a charge,
as his innocence is presumed. 2 Greenl. on Ev., § 419.

5. The court did not err in overruling the defendant's
motion in arrest. The suit is brought jointly by the two
plaintiffs and the libel was against them as two individuals,
named separately, and the acts it charges are acts of indi-
viduals based upon dislike and revenge. And it was not
necessary that there should be an allegation that the libel
was published of or concerning the plaintiffs. The rule
upon this point is clearly laid down in *Mix* v. *Woodward*,
12 Conn., 280, where the inquiry is stated to be "whether
the plaintiff has stated such a case in his declaration that
the conclusion that he was the person meant could properly
be drawn by the jury." The complaint recites that the
circular was distributed among the customers of the plain-
tiffs, that it was so distributed for the purpose of injuring
their business, and that such has in reality been the effect
of it, and also sets out the circular itself, in which they are
separately named. This is a sufficient definiteness of de-
scription. In *Clement* v. *Fisher*, 7 Barn. & Cress., 459,

there was no allegation that the libel was published of and concerning the plaintiff. Lord Tenterden says such an allegation " would have been unnecessary if there had been in the libel set out anything which clearly applied to the plaintiff, or any distinct innuendo so applying the libelous matter."

LOOMIS, J. In admitting evidence to show the mental pain and distress of each of the plaintiffs we think the court below erred.

The complaint is so drawn as to restrict the claim for damages to the injury to the joint business of the plaintiffs. The allegation is that " the plaintiffs are engaged in the liquor business in Hartford, under the name of Donaghue Brothers, and said circular " (referring to the alleged libel) " was so distributed among their customers for the purpose of injuring and destroying their business, and the effect of the same has been and will be to cause customers to decline and refuse to buy of the plaintiffs, whereby the plaintiffs have been and will be subjected to heavy pecuniary loss."

Again, the alleged libel upon which the complaint was founded was clearly directed against the firm rather than the individuals composing it. At the outset the circular proposes to state the defendant's experience with the firm of Donaghue Brothers, and the word " firm " or its equivalent is repeated five or six times, and the conclusion from the facts stated is very explicit—that " the firm of Donaghue Brothers are not worthy of our support." From these considerations the error in the ruling referred to will be sufficiently apparent without any citation of authorities. We will only add that it is well settled that in an action for libel by two or more partners, damages cannot be recovered for any injury to their private feelings, but only for such injury as they may have sustained in their joint trade or business. Folkard's Starkie on Slander and Libel, (4th Eng. Ed., Wood's Notes,) Sec. 189 ; *Haythorn et al.* v. *Lawson,* 3 Car. & P., 196 ; *Tayler* v. *Church,* 9 Johns., 281.

Were the complaint for a distinct libel on the plaintiffs

as individuals, it would still be objectionable, because it would make a joint claim of that which in its nature must be several. In England, under the new special rules that obtain there, it may perhaps be allowed, but not in this country. In *Kinkle* v. *Davenport*, 38 Iowa, 355, it was held that a joint action for slander cannot be maintained. If the same slanderous words be at the same time spoken respecting several persons, they furnish each a ground for a separate action, but they have no community of interest, and they cannot sue together.

But the plaintiffs claim that if the ruling is conceded to be erroneous a new trial ought not to be had because the damages awarded were small, and the only gain to the defendant resulting from a re-trial would be a slight reduction in the amount. And they cite in support of the principle *Buddington* v. *Knowles*, 30 Conn., 26, *Burns* v. *Fredericks*, 37 Conn., 92, and *Hull* v. *Bartlett*, 49 Conn., 66.

We do not think the principle of these decisions applicable to the case at bar, for the reason that all the damages allowed by the jury for mental suffering were improper, and the case does not disclose any other damage proved or even claimed. The mis-trial therefore, for aught we know, resulted in a judgment wholly erroneous.

But it may be suggested that nominal damages must have resulted from proof of the alleged libel, without any evidence of actual damage. This would follow if the words were actionable *per se*, otherwise special damage would have to be proved. Ought then the circular to be construed as containing a libel *per se ?* We think not. All parts of the paper should be read in connection to collect the true meaning. If so read, the severe epithets applied to the plaintiffs lose all their force except as they attempt to characterize a single transaction, which is manifestly referred to as the sole foundation for all the statements made. That transaction, or " experience "as the circular calls it, clearly shows that the epithets—" base treachery " and " foul and unfair dealings," are not to have their ordinary meaning. The gist of the whole matter is thus stated by the defendant: —

" I have been in the habit of buying nearly all my goods of them for years, but, because I quit buying of them, they went to the Middletown Savings Bank, of whom I rented my place, and offered ten dollars more a month than I was paying, and, after getting their lease of the premises, served a notice on me to immediately vacate." Now all this is a perfectly lawful transaction whatever the motive ; and how can we legally presume from such a statement that the plaintiffs were thereby degraded in the estimation of acquaintances or the public, or that they suffered loss in character, property or business ?

Leaving out the epithets which express the defendant's opinion as to the character of the transaction he relates, the analogy is perfect between this case and that of *Homer* v. *Englehardt*, 117 Mass., 539, where it was held that, to publish of a saloon keeper that " to get rid of a just claim in court he set up as a defense the existing prohibitory liquor law ; we feel it our duty to make such conduct publicly known, in order to caution beer brewers and liquor dealers," was not libelous. And in *Bennett* v. *Williamson & Burns*, 4 Sandf., 60, it was held not libelous *per se* for the defendant to publish in a newspaper that " the plaintiff requested the holder of a note, of which he was the maker, to wait for payment after the same had matured ; that the holder waited accordingly, and afterwards, the note being sued, the plaintiff pleaded the statute of limitations and got off scot free."

The defendant further claims that the court erred in holding that he could not, under the general issue, prove the truth of the alleged libel, inasmuch as it was alleged in the complaint to be false and malicious, making that an essential part of the plaintiffs' case and calling on them to prove it, and so allowing the defendant to disprove it under his general denial. This court has adhered inflexibly to the rule laid down in *Swift* v. *Dickerman*, 31 Conn., 295, and in other cases there referred to, that the truth must be specially pleaded if the defendant wishes to take advantage of it, either for justification or for the mitigation of the damages.

We discover nothing in the Practice Act which should change the rule. Upon principle however it would seem that if the matter charged is not libelous *per se*, so that the law would infer malice, and neither the libel itself nor the circumstances indicate any actual malice, the plaintiff might well be required to furnish evidence of the fact in order to recover, and the defendant be allowed to disprove it even by showing the truth under a general denial. In this case, although the circular may not be libelous *per se*, yet it carries on its face evidence of personal animosity equivalent to actual malice, so that we think the general rule that has hitherto obtained in this state applies and that the ruling referred to was correct.

The remaining question is, whether the court erred in overruling the motion in arrest for any of the special reasons assigned by the defendant; for we shall confine ourselves to these alone. A part of the reasons it is evident are inapplicable upon our construction of the complaint and the alleged libel, and the remaining reasons, if true, were cured by the verdict. This is all we need say, except to call attention again to the Practice Act, which in terms requires that "all defenses, other than those to the jurisdiction or in abatement, shall be made by an answer or by a demurrer," and that "all demurrers shall distinctly specify the reasons why the pleading demurred to is insufficient." And the spirit of the Practice Act accords well with the letter, in that its design is manifest to have all formal and technical objections made known as early as practicable, so that the plaintiff may amend or proceed anew, and the parties may, as expeditiously and inexpensively as possible, reach and settle their controversy upon its merits. *Wall* v. *Toomey*, 52 Conn., 39; *Trowbridge* v. *True*, id., 107; *Merwin* v. *Richardson*, id., 233.

While we may regard the omission to demur to defects appearing on the face of the pleadings as a waiver of the objection, yet we reserve the right, in cases brought before this court for review, to consider questions not legitimately raised, if the objections are of such character as to nullify

the proceedings and set aside the judgment on writ of error.

There was error in the judgment complained of, and a new trial is ordered.

In this opinion the other judges concurred.