JOHN PASCONE *vs.* THE MORNING UNION COMPANY.

Third Judicial District, New Haven, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

The publication of a false statement to the effect that the plaintiff in a suit for libel refused, without sufficient reason, to pay a claim against him until its validity had been adjudicated, is not actionable unless some special damage, directly resulting therefrom, is alleged.

If the false statement has no connection with or relation to the plaintiff's trade or business, an averment that some of his customers, upon reading the publication, declined to enter into business engagements with him which they would otherwise have entered into, is not a sufficient allegation of special damage.

Submitted on briefs January 15th—decided March 6th, 1907.

ACTION for an alleged libel, brought to the Superior Court in Fairfield County where successive demurrers to the complaint in its original and amended form were sustained (*Roraback, J.*), and judgment was afterward rendered (*Gager, J.*) for the defendant, from which the plaintiff appealed. *No error.*

*George A. Mullen*, for the appellant (plaintiff).

*William H. Comley* and *William H. Comley, Jr.*, for the appellee (defendant).

HAMERSLEY, J. The complaint alleges that plaintiff is engaged in the business of a mason and concrete contractor; that the defendant published in its newspaper an article which is set forth in full without innuendo; that the publication was false and malicious; and that " because said publication was read by several of the plaintiff's customers, they declined to enter into certain business engagements with the plaintiff which they otherwise would have done."

The article was published as a news item purporting to give a humorous account of the interruption of a street parade by an altercation between two of the parading musicians, in which the trombone of one was broken, and which resulted in three justice suits, the plaintiff being defendant in the last one. To this complaint the defendant demurred, because the article on its face was not libelous *per se*, and the plaintiff had failed to sufficiently allege any special damages. The court below sustained the demurrer, and the ruling of the court in sustaining the demurrer is the error assigned in this appeal.

The plaintiff's claim, as urged in his brief, is that the article published accuses Pascone (the plaintiff) of being connected with an amusing string of law suits, and 'also involves the assertion of acts by Pascone which must injure his reputation and expose him to public hatred and contempt. The only imputation against Pascone which can fairly be inferred as asserted in the course of the narrative published, is that Pascone, desiring to help his friend who had been sued in an action of tort by the musician whose trombone had been broken, and who had been arrested on mesne process, secured the services of an attorney and induced him to go upon the bail bond, agreeing to hand over his savings-bank book as guarantee against loss; and that judgment having been rendered in this suit for a small sum against the defendant, and the liability of the attorney to pay this judgment having been established in a suit against him, Pascone declined to reimburse the attorney until his liability to the attorney was established in a suit. Suit was brought by the attorney and judgment recovered against Pascone, and the trial of that suit, on the day before the article complained of was published, was the occasion of its publication.

The ruling of the trial court, that the article as set forth in the complaint was not libelous *per se*, and that the allegation of special damage was insufficient, is manifestly correct. *Donaghue* v. *Gaffy*, 53 Conn. 43, 51, 2 Atl. 397; 54 Conn. 257, 268, 7 Atl. 552.

The allegation of special damage might be sufficient in the case of a false statement of a plaintiff's conduct in connection with his trade or business, as where a wholesale merchant is falsely accused of absconding to avoid his creditors with intent to defraud them. Here, the alleged false statement is not a statement of the plaintiff's conduct in connection with his business of mason and contractor, but is a statement of a particular act unconnected with any trade or business. The publication of a false statement that one has, in a particular instance, even without sufficient reason, refused to pay a claim against him

until its validity has been adjudicated, is certainly not actionable unless some particular injury, directly resulting from the publication, is alleged.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.