WEITERSHAUSEN et al. v. CROATIAN PRINTING & PUBLISHING CO.
et al.

(Circuit Court, S. D. New York. March 6, 1907.)

1. LIBEL—PLEADING—ALLEGATION OF SPECIAL DAMAGE.

The necessity for allegation and proof of special damage, in an action for libel, does not inhere in the form of the action, but in the nature of the alleged defamatory words.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 213.]

2. SAME—LIBEL OF PARTNERSHIP—JOINT ACTION BY PARTNERS.

Where a libelous article charges dishonesty in the conduct of a partnership business, the partners may sue either jointly or severally, and, if the matter is libelous per se, it is not necessary to allege special damage in either a joint or a several action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 174, 213.]

At Law. On demurrer to complaint.

Otto C. Sommerich, for plaintiffs.

Cantwell & Brown, for defendants.

HOUGH, District Judge. The plaintiffs are copartners under the firm name of "Chas R. Weitershausen Agency." Their dealings are largely with persons speaking the Croatian language or dialect, while the defendants publish a newspaper in that tongue. In this newspaper was printed an article concerning "Agent Weitershausen" (as the Croatian phrase is translated) clearly libelous per se, within the definition of Clifford, J., in Pollard v. Lyon, 91 U. S. 227, 23 L. Ed. 308.

The demurrants assume that the libel refers only to the plaintiff Charles J. Weitershausen, and they therefore urge that, inasmuch as in this action the partners complain of the defamation as injurious to their partnership vocation, the action does not lie without proper allegations of special damage. This doctrine is supported by the argument that a partnership business is a "thing" as distinct from a person; that the "thing" (i. e., the partnership as an entity) cannot sue, wherefore the persons composing the partnership cannot sue without specially showing and proving how and why defamation of the entity or its business injured them; and, further, that a fortiori is this true when the printed defamatory words mentioned one partner only. Examination of the English translation of this Croatian libel does not bear out the assumption that the male plaintiff only was referred to. The phrase "Agent Weitershausen" is accompanied by sundry uncomplimentary words in the plural number, and, in my opinion, the whole article refers to the persons or person doing business at or under the name of the "Weitershausen Agency."

Assuming that the libel speaks of a business enterprise, which the defamer perhaps did not know to be conducted by a partnership, it is not a defamation of a "thing." The printed article is an accusation of personal dishonesty, and falls far short of that abusive description of a place, or a building referred to as a "libel on a thing," in Kennedy v. Press Publishing Co., 41 Hun (N. Y.) 422. On the contrary, the

ruling in Russell v. Webster, 23 W. R. 59, that "a libel of the 'management' of a newspaper is a libel of its proprietors jointly in the way of their trade, and therefore actionable without special damage," is exactly in point.    If I am right in believing that the libel at bar referred to the partnership business, and not to one partner only, Forster v. Lawson, 3 Bing. 456, is clear authority against the demurrer.    It had there been written of certain bankers that they had failed; they were partners, and all sued, attempting to allege special damage.    On demurrer to the form of the declaration the court held the action maintainable without setting forth special damage, Best, C. J., remarking that if a copartnership be libeled, and the libel contains something particularly affecting the character of one of the firm, a general action may be maintained against the libelor.    And this case renders it plain that a particular reference to one partner (such as the defendant here asserts or assumes) does not necessarily prevent an action by all the partners.

Robinson v. Marchant, 7 Q. B. 223, is the converse of the case last cited.    A partnership of three having been libeled, one particularly vilified member of the firm sued alone, and on plea setting up nonjoinder of the rest of the firm, Coleridge, J., held that "this action might have been maintained without proving special damage."    The rule that all partners may join is authoritatively stated in Sergt. Williams' note on Cook v. Batchelor, 3 Bos. & Pul. 150, found in 2 Wms. Saunders, 117 A:

"If the words were only actionable, because they were spoken of persons in the way of their trade, I should conceive that two or more partners might join in an action for those words, though they had sustained no special damage thereby."

It results, therefore, that all persons injured by libel or slander, and having a community of interest as to the subject-matter of defamation, may sue either jointly or severally, and, if the matter complained of be libelous per se, it is no more necessary to allege special damage in the joint action than it is in the several suits.    The necessity for allegation and proof of special damage does not inhere in the form of the action, but in the nature of the alleged defamatory words.    The decisions relied upon by the defendants are but illustrations of this.    In Havemeyer v. Fuller, 60 How. Prac. (N. Y.) 316, it is stated that "no facts or circumstances are pleaded from which the deduction can be made that the damage alleged" to the single plaintiff was the "natural and probable effect of the words" uttered about the plaintiff's partnership —meaning that such words did not appear to be actionable per se. In Ryckman v. Delavan, 25 Wend. (N. Y.) 191, the learned chancellor doubted whether "the copartnership" could sustain an action for libel of business without averring special damage; but an examination of the report shows clearly that the words complained of, whether considered with regard to the single partner who did sue, or all the partners who might have sued, were not actionable per se.    The same criticism applies to Donaghue v. Gaffy, 53 Conn. 43, 2 Atl. 397, and Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193.

The demurrer is overruled, and the defendants having stipulated for judgment absolute in that event, judgment is accordingly ordered.