CLARA A. LOOMIS *vs.* WESLEY HOLLISTER.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff, who sought to recover for personal injuries alleged to
    have been caused by a highway collision attributable to the negli-
    gence of the defendant, testified that as a result of her injury she
    had a miscarriage; while the defendant claimed that the miscar-
    riage was due to self-inflicted acts designed to that end.    The trial
    court charged the jury that if they found a verdict for the plaintiff
    they might allow her damages for the " degradation and humilia-
    tion " which she suffered.    *Held* that inasmuch as there was noth-
    ing in the accident itself which could have given rise to such feel-
    ings upon the part of the plaintiff, the trial court must have had
    reference to such humiliation and degradation as the plaintiff might
    have undergone in repelling the defendant's claim of abortion; and
    that as this claim was urged in apparent good faith it could not be
    made the basis of a valid claim for damages.
The nonjoinder of the husband as coplaintiff in an action by a wife,
    married since 1877, to recover damages for an injury to her person,

Loomis *v.* Hollister.

if a defect at all, is available only in abatement and at an early stage of the suit. If not made then it is waived.

Argued October 8th—decided December 5th, 1902.

ACTION for damages for bodily injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial ordered.*

The case is sufficiently stated in the opinion.

*Charles E. Perkins* and *Olin R. Wood,* for the appellant (defendant).

*Hugh O'Flaherty* and *Herbert O. Bowers,* for the appellee (plaintiff).

TORRANCE, C. J. In this case the defendant appeals from the action of the trial court in refusing to set aside the verdict as being contrary to the evidence, and also from the judgment of that court for alleged errors in its rulings and charge. As we think a new trial must be granted for an error in the charge on the question of damages, it will be unnecessary to consider the action of the trial court in refusing to set aside the verdict.

The evidence showed that the injury to the plaintiff occurred in this way : She was sitting in a wagon drawn up close to the curb on a village street, and, while so sitting, a heavy ice wagon of the defendant drawn by two horses came along said street, in charge of no one, and collided with the wagon in which the plaintiff sat, smashing the wheels of that wagon and throwing the plaintiff violently to the ground. The plaintiff's evidence tended to show that the accident was due to the negligence of the defendant's servant in leaving the ice wagon for a time in the street without hitching the horses or putting them in charge of any one.

The plaintiff, a married woman, and a minor when the suit

was instituted, brought it by her husband as next friend. On the trial she claimed to have proved that she was with child at the time she was thrown from the wagon, and that the injury caused a miscarriage, seriously endangering her life and causing her great pain and suffering of body and mind. On the other hand, the defendant claimed to have proved that said miscarriage was not caused by said accident, but was caused by an attempt of the plaintiff, some days before the accident, to produce a miscarriage upon herself. A great deal of evidence upon this point was offered by both sides, and the defendant strongly pressed his claim as to this matter all through the trial. The record clearly shows that the miscarriage and its consequences were the main elements of damages contested in the case. The jury rendered a verdict for the plaintiff for $1,500.

Upon the question of damages the court charged the jury as follows : "So, if you come to the question of damages, you are to give just damages. Just damages in a case of this character are compensatory damages—compensation for the injuries suffered, for any physical injury done, for pain and suffering resulting from that, from mental anguish, degradation and humiliation attendant upon it. All these subjects are proper matters for the consideration of the jury in assessing damages in the case. But the central controlling point is, gentlemen, that damages shall be just—be compensatory."

The defendant complains, and we think justly, of this part of the charge. By it the jury were told, in effect, that they should, if they found for the plaintiff, compensate her for the degradation and humiliation she had suffered in connection with the accident. No such elements of damage were alleged in the complaint, nor do they appear to have been proved or claimed on the trial, nor are they shown by the record to have flowed from or been caused by the alleged negligence of the defendant or his servant. If any degradation or humiliation was caused to the plaintiff in connection with the accident, it was caused, not by the negligence complained of, but by the conduct of the defendant during the trial in making and pressing the claim of abortion, which the jury must have

found to be untrue. But, so far as appears from the record, the defendant made that claim in good faith, upon what he supposed to be sufficient grounds, and, if so, he was entitled to make it without being liable to be subjected to damages if the jury failed to sustain it. If the plaintiff in fact suffered any degradation or humiliation in being called upon to meet and disprove such a defense, or the jury supposed she did, such suffering could not properly be taken into account as an element of damage in the present case. We think the jury must, or may, have understood from the charge that they could take such suffering into account as an element of damages; and for this reason we think a new trial should be granted.

As a new trial must be granted for the above reason, it will be unnecessary to consider any of the other questions in the case save those likely to arise again upon a retrial, and of these there is only one.

The record shows that the plaintiff, when the suit was brought, was a married woman, married since April 20th, 1877, and also that she was a minor, who brought the suit by her husband as next friend. The defendant asked the court to charge the jury, in substance, that if the plaintiff was a married woman when the suit was commenced, then and ever since living with her husband, and of full age at the time of the trial, " the cause of action, if any existed, did not result to the plaintiff from her business, and that she cannot maintain this action in her own name, or in the name of the next friend."

Assuming, without deciding, that the nonjoinder of her husband in this case could have been successfully pleaded in abatement of the suit, it does not follow that the objection will be available, after a trial on the merits, and a failure to take advantage of it in anyway, by plea or demurrer. The Practice Act expressly provides that " no action shall be defeated by the nonjoinder or misjoinder of parties "; and it gives the court full power to drop parties misjoined and to summon in those not joined, at any stage of the cause. General Statutes, Rev. 1902, § 622.

Loomis *v.* Hollister.

It is the spirit and design of that Act "to have all formal and technical objections made known as early as practicable, so that the plaintiff may amend or proceed anew, and the parties may, as expeditiously and inexpensively as possible, reach and settle their controversy upon its merits." *Donaghue* v. *Gaffy*, 53 Conn. 43, 52; *Trowbridge* v. *True*, 52 id. 190.

Under our law relating to the property rights of married women, married since April 20th, 1877, and under the provisions of the Practice Act, the objection of nonjoinder, in a case like the present, is at best a formal and highly technical one, which, if available at all, is available only as matter of abatement at an early stage in the trial. Whatever may have been the effect at common law of the nonjoinder of the husband, in a case of this kind, we think that such an objection to-day, in this State, is at most an objection to the capacity of the plaintiff to sue, available, if at all, when taken advantage of at the proper time, but waived by failure to take advantage of it and going to trial upon the merits. *Goodwin* v. *Keney*, 49 Conn. 563; *Merwin* v. *Richardson*, 52 id. 223. If, then, we assume, for the purposes of the argument, that the nonjoinder of the husband was available to the defendant as matter of abatement, he waived his right to insist upon it, and the court properly refused to give the charge requested upon that point.

The defendant also strenuously insists that he is entitled to a new trial, because, as he claims, the court, in effect, in its charge took from the jury the question of the negligence of the defendant's servant. Whether upon the facts, as found in this case, the action of the court of which the defendant complains would entitle him to a new trial is a question not likely to arise on the retrial of the case, and we therefore do not decide it.

There is error, and a new trial is granted.

In this opinion the judges concurred.