Mary Connolly, Appellant, v. Amanda Bachman, Appellee.

Gen. No. 23,559.  (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN
F. HAAS, Judge, presiding. Heard in this court at the October
term, 1917. Reversed and judgment here. Opinion filed January
28, 1918. Rehearing denied February .11, 1918.

### Statement of the Case.

Action by Mary Connolly, plaintiff, against Amanda Bachman, defendant, to recover $750 under a provision of a certain lease made by defendant's assignors as lessors to plaintiff's assignors as lessees of certain premises. From a judgment of *nil capiat,* plaintiff appeals.

The lease provided that the sum sued for should be held by the Glaser Savings Bank in escrow for the lessors or their assigns and should be paid to them or their assigns at any time the lessees should forfeit the lease by breaking any of its conditions and covenants, and, if the lessees should fulfil all such conditions and covenants, should be paid to the lessors or their assigns on a certain date and applied to the credit of the lessees for the last six months' rent mentioned in the lease, for which the lessors or their assigns should give the lessees a receipt, and that the bank should pay 3 per cent. interest on the deposit while held by it to the lessees.

With defendant's consent plaintiff sublet the premises. All instalments of rent were paid, and all conditions and covenants of the lease performed by the respective lessees. Defendant collected all rents for the entire term, and it was stipulated that this amount for the last six months should be considered as $750, and any judgment entered should be for that amount.

The business of the bank was done under that name by Benjamin J. Glaser, and the lease was executed in his office and the $750 there turned over to him and the lessors, counted by them, and retained by Glaser, who prepared the lease and represented the lessors in the transaction. The bank later turned this sum, with its other business, over to the Ogden Avenue State Bank, from which neither of the parties was able to obtain it.

THURMAN, HUME & KENNEDY, for appellant.

SAMUELS & SAMUELS, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. ESCROWS, § 5*—*what does not constitute delivery of money in escrow.* Delivery to the agent of the lessor of a lease by the lessee of a certain sum to be retained by him and paid ultimately to the lessor, either on account of damages for a breach by the lessee of the lease or on account of rent for the final months of the leased term, does not constitute a delivery in escrow, although so denominated in the lease, but a payment to the lessor.

2. ESCROWS, § 1*—*how money or papers should be held.* Money or papers held in escrow should be held by a stranger to the transaction, delivery not to be made until certain conditions have transpired.

3. LANDLORD AND TENANT, § 274a*—*when lessee may recover deposit.* Where a certain sum was turned over, under the terms of a lease between plaintiff's assignors as lessees and defendant's assignors as lessors, to the lessors' agent, to be retained by him and ultimately paid to the lessors either as damages on account of breach by the lessees of the lease or as rent for the final months of the leased term, and defendant collected all instalments of rent to the end of the term, including the final months for which the sum was to be paid to the lessors if no breach of the lease had occurred, the rent for the last six months to the amount of the deposit being collected from the subtenant of plaintiff and no breach had occurred, *held* that plaintiff was entitled to recover the sum from defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.