[No. 18042. Department One. December 12, 1923.]

LEOPOLD M. STERN, *Respondent*, v. JOSHUA GREEN *et al.*, *Appellants*.[1]

LANDLORD AND TENANT (97)—DEPOSIT TO GUARANTEE PERFORMANCE. Liberty bonds, deposited by a tenant and receipted for "as guaranty of lease," and which the lease recited should, in case of full performance of the lease, be returned to the tenant, who was given the right to collect the interest on the bonds, were not put up in "consideration" of the lease, but merely as a guaranty of performance, there being no recital in the lease that they were part of the consideration, or to be applied on the rent.

SAME (37, 40)—TERMINATION OF LEASE—SURRENDER. Where the landlord, on the tenant's going into bankruptcy, accepted another tenant for a short time, and relet the premises to another for a term of years beginning with the term of the former lease, he terminated the tenancy, pursuant to a provision in the lease providing that, in case of bankruptcy, the lease shall be void, if he so elect.

SAME (7)—DEPOSIT TO GUARANTEE PERFORMANCE—TERMINATION OF LEASE. Where the landlord, pursuant to an option in the lease in case of the bankruptcy of the tenant, accepts a new tenant and relets the premises, he terminates the lease and is bound to return bonds, deposited as a guaranty of the performance of the lease.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 8, 1922,

[1]Reported in 221 Pac. 601.

upon findings in favor of the plaintiff, in an action to recover a deposit held as a guarantee for the performance of a lease. Affirmed.

*Bronson, Robinson & Jones,* for appellants.

*Clarence L. Gere* and *Battle, Hulbert, Gates & Helsell,* for respondent.

HOLCOMB, J.—On October 18, 1920, appellants executed and delivered to one White a certain lease of premises in the building known as the Joshua Green Building, at No. 1427 Fourth Avenue, Seattle, for a term of years. The lease provided that the rentals for the first two and one-half years should be $500 per month, and after the expiration of two and one-half years, the rentals should be such as were agreed upon, but in no event to be less than $500 nor more than $600 per month. White entered into possession of the premises about November 1, 1920, and remained in possession until February, 1921, when his business was incorporated as the White Shoe Company, which company remained in possession of the premises until January, 1922, when it became insolvent and was placed in the hands of a receiver. The receiver appointed by the court retained possession of the premises until January 17, 1922, when he delivered possession thereof to one Starin, who had bought the bankrupt stock of goods, and Starin remained in possession until February 17, 1922. All rents payable under the lease were paid by White or the incorporated company until January, 1922, and all rents up to January 17, 1922, were paid by the receiver, and all rents after January 17, 1922, until February 17, 1922, were paid by Starin; and all such rentals were received and accepted by appellants by their agents. After the surrender of the premises by the receiver and by Starin

to the agents of appellants, they were relet to another tenant, whose lease dated from February 1, 1922, but who was not. let into possession until February 17, 1922, at a greater rental than was reserved in the lease from appellants to White.

On December 8, 1920, White delivered to appellants certain Liberty Bonds, aggregating in face value $1,000, and received a receipt therefor, as follows:

"Received from C. A. White Liberty bonds listed below which are to be held as guaranty of lease of October 18, 1920, in accordance with the provisions in said lease" (Then follows a detailed list of the bonds).
"Received December 8, 1920,        Joshua Green
                              "By H. B. Bonney."

The indenture of lease contained the following paragraph:

"Lessor hereby acknowledges receipt of the Liberty Bond listed below of the face value of One Thousand Dollars ($1000) which said Liberty Bond shall in the event of full and faithful performance of all the covenants and agreements in this lease by the lessee to be performed, be returned to lessee at the expiration of the term of this lease, otherwise said Liberty Bond shall belong to the lessor as a part of the consideration to him for the execution of this lease. Lessor agrees that the lessee shall collect interest which shall become due on said Liberty Bond."

White did not have the $1,000 bond at the time, and after some days' delay, asked permission to make delivery of bonds of lesser denomination aggregating $1,000 face value, promising to exchange the $1,000 for them later. Such permission was granted, and the bonds accepted, and the lease delivered. Later White asked lessors' agent to retain the bonds of smaller denominations permanently in lieu of the $1,000 bond, which was agreed to. The agent then issued the receipt hereinbefore quoted. Some of the bonds were of

temporary issue, and were exchanged in the spring of 1921 for the permanent issue of bonds in lieu thereof, and a new and similar receipt was issued for $1,000 face value, listing bonds mostly of $50 denomination.

The lease contained the following recital of consideration:

"That in consideration of the covenants and agreements of the lessee hereinafter set forth, the lessor does hereby lease and demise unto the said lessee" etc.

Blanks for the insertion of some sum of money and acknowledgment of the receipt thereof by the lessor were stricken out of the form of the lease. The lease also contained the following provision:

"In the event the lessee becomes voluntarily or involuntarily bankrupt, or if a receiver is appointed for the business of said lessee by any court, then this lease shall be void, if the lessor shall so elect."

Upon trial upon the complaint and amended answer, the court entered judgment against appellants for the recovery from them of the Liberty Bonds listed, and in their possession, together with interest amounting to $9.26 collected by them, or, in lieu thereof, the sum of $1,000 with interest thereon from January 25, 1922, at the rate of six per cent per annum.

This controversy is waged chiefly to determine whether or not the bonds were delivered "as guaranty of the provisions of said lease" or were delivered as part of the consideration for the execution of the lease.

It will be observed that there is some discrepancy between the paragraph of the lease relating to the receipt of the bonds and in the receipts later given by the agents of appellants. In the lease, the receipt specified that the Liberty Bonds were given on condition that

". . . . in the event of full and faithful performance of all the covenants and agreements in this

lease by the lessee to be performed, to be returned to lessee at the expiration of the term of this lease, otherwise said Liberty Bond shall belong to the lessor as a part of the consideration to him for the execution of this lease.''

The receipts for the substituted bonds stated in effect that, the Liberty Bonds were held ''as guaranty of the lease in accordance with provisions of the lease.''

Appellant now contends that the question falls within the rule of *Dutton v. Christie*, 63 Wash. 372, 115 Pac. 856. There is a very great difference between the lease in this case and in that. In that case the decision shows that the recital of the consideration for the lease was that,

''In consideration of the covenants of the second parties hereinafter set forth, and of the sum of one thousand five hundred dollars ($1,500) now paid to first parties by the second parties, the receipt of which is hereby acknowledged'';

and in a subsequent paragraph that,

''The above payment of one thousand five hundred dollars now made shall, in the event of the full and faithful performance of this contract by the second parties, be credited in payment of rent for the last two months of said term; but otherwise the said payment this day made shall belong to the first parties as a part of the consideration to them for the execution of this lease.''

In this case, there was no recital in the stated consideration for the lease that the $1,000 should be a part of the consideration for the lease. There was a recital in the paragraph in the lease, after the provision that, in the event of the full and faithful performance of all the covenants and agreements of the lease to be performed by the lessee, the bond should be returned to the lessee at the termination of the term of the lease, otherwise to belong to the lessors as part of the con-

sideration for the execution of the lease. There were a great number of covenants incorporated in the lease which have not been referred to to be performed by the lessee, in addition to the covenant to pay rent. The rent was all paid up to the time of the abandonment of the tenancy by the tenant. That provision also was that, if the covenants and agreements of the lease were performed by the *lessee,* the Liberty Bonds should belong to *him.* There was no provision that it should be applied to the last two months of the lease, and there was no provision that it should belong absolutely to the lessor from the beginning of the term.

The case cited and relied upon therefore was entirely different. In the cited case, as was pointed out in the opinion, both the clauses heretofore pointed out confirmed the ownership of the lessor in the fifteen hundred dollar deposit from the beginning of the term. The case was, therefore, distinguished by the opinion writer from certain New York cases, in one of which the tenant was required to deposit a specified sum "as security for the faithful performance of his covenants in the lease." In the other, the lease expressly specified that the deposit "should be forfeited" in the case of non-performance by the lessee. In another the lease provided that the deposit should be retained by the lessor as "liquidated damages," in case of a breach. The opinion in the cited case concluded as follows:

"When appellants paid this money as a consideration for the lease, the title to it passed to the respondent. Their breach of the lease cannot divest his title."

In this case, the lease did not provide that the deposit of the Liberty Bond should be considered as liquidated damages, and therefore we cannot so consider it without re-writing the contract. *Dutton v. Christie, supra.*

The fact that it was agreed that the lessee should

collect the interest on the bond or bonds fortifies our view. Interest could not have belonged to the lessee if the title to the bond or bonds had passed to the lessor. Besides, the construction placed by the lessor or his agent upon the deposit of the bond or bonds must be construed most favorable to the lessee. Their own construction of the deposit was that it was to be held as a guaranty. There is no showing of any breach of guaranty on the part of the lessee, except his going into bankruptcy, and thus ending his tenancy; but that contingency was provided for by the lease, which gave the lessor the right to terminate the tenancy himself upon such an occurrence, if he so elected. When he accepted another as his tenant for a short time, and relet the premises to another for a term of years, beginning within the term of the former lessee, White, we think there can be no question but that lessor so elected to terminate the tenancy. It is therefore manifest to us that appellants are not entitled to retain the deposit.

Complaint is also made that appellants, having denied that the bonds held by them were worth $1,000, as alleged by respondent, or any other or greater sum than $800, as alleged by appellants, the trial court erred in finding that they were worth $1,000, and rendering judgment therefor.

But appellants admit that they have possession of the bonds deposited with them, and the judgment of the court is that they deliver such bonds, or, in lieu thereof, $1,000. In the absence of evidence to the contrary, it may be deemed that government bonds are worth their face; but if not, appellants are not injured, for they can deliver the property itself, and lose nothing.

The judgment is therefore affirmed.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.

MACKINTOSH, J. (concurring)—I concur in the foregoing result, but I do not agree that the provision for the collection by the lessee of the interest on the bonds is any evidence that they were deposited as security only.