GABRIEL GIANNATTASIO, ADMINISTRATOR, (ESTATE OF TERESA GIANNATTASIO) *vs.* CARMINE SILANO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 12th—decided July 5th, 1932.

*Charles P. Roraback,* with whom, on the brief, was *James W. Roraback,* for the appellant (defendant).

*John J. Casale,* for the appellee (plaintiff).

MALTBIE, C. J. This is an action of ejectment brought by the plaintiff as administrator under appointment of the Court of Probate for the district of Harwinton, of the estate of a tenant in common of certain property. He alleges that the intestate died in 1917 in Harwinton and he was appointed administrator in 1931. The defendant pleaded in abatement, alleging that the land in controversy is now and has since 1923 been situated in the city of Torrington within the probate district of Torrington and that the appointment of the plaintiff was without the jurisdiction of the Court of Probate for the district of Harwinton. The plaintiff demurred to the plea upon two grounds, one of which was that the residence of the intestate at the time of her death and not the location of the estate was the test as to the probate district in which letters of administration should be granted. The trial court sustained the demurrer, upon the other

ground alleged. The ground we have stated was clearly sound. The statute gives Courts of Probate jurisdiction to grant administration of estates of persons who shall have died domiciled in their district; General Statutes, §§ 4766, 4904; and the location of the estate, if they have any in this State, is not material upon the issue of jurisdiction. The allegations of a plea in abatement must state with certainty all essential facts; *Metropolis Mfg. Co.* v. *Lynch,* 68 Conn. 459, 473, 36 Atl. 832; and will not be aided by intendment or inference. *New York, N. H. & H. R. Co.* v. *Illy,* 79 Conn. 526, 529, 65 Atl. 965. As the trial court properly sustained the demurrer, it is immaterial that it placed its ruling upon a different ground than that we have stated. *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 119, 139 Atl. 702.

The defendant sought also to raise upon the trial the question of the jurisdiction of the Court of Probate for the district of Harwinton to appoint the plaintiff administrator, but he is precluded from attacking that appointment under his answer, as he pleaded merely lack of information as to the allegations of the complaint and made no specific denial of the right of the plaintiff to sue as administrator, as is required by the statute. General Statutes, § 5508. No harm could have been done, therefore, by the admission in evidence of the certificate of appointment of the plaintiff as administrator.

Reading the finding in the light of the statements in the defendant's brief, it appears that when the intestate died she was a tenant in common with her husband of the land in question, that the defendant occupied it without right, under a mistake, and had continued in at least partial occupancy of it down to the bringing of the action, in that he was using some small outbuildings upon it. His claim upon the merits

of the action is that the plaintiff was not entitled to maintain it because he had not, before bringing it, demanded or been refused possession. His claims of law on the trial did not fairly raise this issue and it was not passed upon by the trial court. We might disregard it upon that ground. It is clearly not sound as applied to the situation in this case. The defendant relies upon *Newell* v. *Woodruff*, 30 Conn. 492. The decision in that case, the facts of which were rather peculiar, is well summarized in the syllabus: "Where a person is occupying premises as his own, in the belief that he has an exclusive title, and in ignorance of the rights of another person as tenant in common, it is unreasonable that he should be subjected to the cost and damage demanded in an action of disseizin, until the demandant has apprised him with reasonable precision of the nature of his claim, and given him a reasonable opportunity to determine as to his duty and the course he will pursue." In the instant case it is found, in a portion of the finding which is not attacked, that three years before the bringing of the action the mistake as to the right to the land had been discovered, and that the defendant then knew that he was occupying land in which the intestate had owned at her death an undivided half interest. He therefore knew the nature of the  plaintiff's claim in ample time to determine his duty and the course he would pursue. Demand for the possession of land which is unlawfully occupied with knowledge of the rights of the true owner, where there is not and has not been any privity of estate, is not a condition precedent to an action of ejectment. *Chavez* v. *De Bergere*, 231 U. S. 482, 490, 34 Sup. Ct. 144, 58 L. Ed. 325; *Mapes* v. *Vandalia R. Co.*, 238 Ill. 142, 144, 87 N. E. 393; 9 R. C. L. 864; 19 C. J. 1071.

The trial court admitted evidence of a controversy

between the plaintiff and the defendant as to the land which occurred after the action was brought. It expressly held that no acts of disseizin subsequent to the bringing of the action were material, but by that we understand it to mean, material as a basis of judgment for the plaintiff. The evidence was admitted to show a continuing exercise of adverse dominion over the land by the defendant. Subsequent conduct is often relevant and admissible to show the character of the prior acts or intention of a party; *Elwell* v. *Russell*, 71 Conn. 462, 42 Atl. 862; and in this instance the evidence was certainly relevant to show that the defendant was, at the time of the bringing of the action, still occupying the land adversely to the plaintiff.

There is no error.

In this opinion the other judges concurred.