ALCIDE THIBAULT *v.* PAUL E. FRECHETTE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 6—decided November 18, 1948

*William M. Greenstein,* with whom was *Jacob I. Suisman,* for the appellant (defendant Taylor).

*William M. Pomerantz,* with whom, on the brief, was *Charles E. Bourk,* for the appellee (plaintiff).

*William H. Fogerty,* for the appellee (defendant Frechette).

BROWN, J. In this action the plaintiff by his amended complaint sought to recover of the defendant Cipa Taylor, who was cited in as an additional defendant, a deposit of $300 paid by him as lessee to her as lessor upon the execution of a lease of a rooming house in Hartford. Judgment was rendered for the plaintiff against the defendant Taylor only and she has appealed. The action was originally brought against the defendant Frechette alone. The complaint alleged that the plaintiff had deposited $300 with the defendant Taylor at the time the latter had leased certain premises to him, to be held as security for the rent due for the last four months of the leasehold, and that Frechette, having purchased the premises subject to

the lease, promised to repay the $300 to the plaintiff if he would surrender the premises, which he did.

Upon Frechette's motion, the court on June 6, 1947, ordered Taylor cited in as a codefendant and required her to appear on or before June 27, 1947. As appears by the sheriff's return in the typewritten transcript of the record, a true and attested copy of the original citation, in which the original complaint was recited, the summons and the order for citation were duly served upon Cipa Taylor in person on June 10, 1947. Attorneys entered an appearance for her on June 16, 1947. The plaintiff did not then amend his complaint to found a basis of liability on the part of Taylor as distinguished from that of Frechette, but such a change was set forth in Frechette's motion. On October 11, 1947, Taylor filed an "Answer" directed to the allegations of the citation. Her attorneys appeared and took an active part in the trial. Although they were not in the case when the motion to cite in Taylor was made, when they did appear they could have objected to bringing her in as a defendant. That would have required a pleading, however; *King* v. *Malone*, 91 Conn. 342, 345, 99 A. 691; and, under our present practice, that pleading could only be a motion. Practice Book § 65. The defendant Taylor, by answering and going to trial as she did instead of filing such a motion, waived any question of misjoinder. *Loomis* v. *Hollister*, 75 Conn. 275, 278, 53 A. 579; *Cole* v. *Jerman*, 77 Conn. 374, 382, 59 A. 425; *Commercial Discount Co.* v. *Plainfield*, 120 Conn. 274, 279, 180 A. 311. The error assigned in the court's ordering Taylor made a party is without merit.

The record indicates that upon the conclusion of the evidence the court suggested that the plaintiff amend his complaint to conform to his proof, fixed the time within which such an amendment should be filed

and gave the defendants one week thereafter in which to answer. Pursuant to this order, the complaint, amended to set forth liability on the part of Taylor for refusing to pay over the $300 held for the plaintiff's use, was filed November 14, 1947, and Taylor, without objection or request for further hearing, filed her answer thereto on November 21, 1947. She has assigned error in the court's allowance of the amendment to the complaint. Under the statutes and rules of practice the court may in its discretion, in a proper case, allow the filing of amendments to pleadings before, during and after trial. Conn. App. Proc. § 38; see General Statutes §§ 5538, 5541-5550, and Practice Book §§ 91-96, 155. While the original complaint was evidently designed to allege a cause of action for breach of Frechette's contract to pay the plaintiff $300, it disclosed as well the basis for a potential cause of action against Taylor for money had and received to the plaintiff's use, so that the amendment allowed was at most to avoid a variance. Its allowance was well within the court's discretion. Practice Book § 96; *Masi* v. *General Ice Cream Corporation*, 120 Conn. 259, 264, 180 A. 455.

The material facts in the court's finding, which is not subject to correction, may be thus summarized: On March 12, 1946, Taylor, owner of a rooming house at 130 Main Street in Hartford, leased the premises to the plaintiff for the term of one year from July 1, 1946, for use as a rooming house. Upon the execution of the lease the plaintiff paid to Taylor the $300 deposit provided for therein, to be held as security for the last four months' rent or for the breach of any conditions of the lease. On September 3, 1946, the plaintiff agreed with Frechette to sell him the furniture and fixtures located in the rooming house should he become the purchaser of the premises. On September

13, 1946, Taylor sold the premises to Frechette by a warranty deed which conveyed them "subject to the terms of said lease." No agreement was made relative to the plaintiff's deposit of $300. On September 16, 1946, the plaintiff sold to Frechette the furniture and fixtures, and the lease was voluntarily surrendered by the plaintiff and accepted by Frechette. The plaintiff had paid Taylor the rent for September, 1946, and operated the rooming house until September 16, 1946. He surrendered possession of the premises to Frechette on that day. All moneys then due under the lease had been paid, and none of its terms or conditions had been violated by the plaintiff. The plaintiff made repeated demands of Taylor for the return of the $300 deposit but it has not been repaid. The court concluded that judgment should be rendered for the plaintiff to recover the $300 deposit of the defendant Taylor, and for the defendant Frechette.

Upon this record it. is difficult to perceive either legal or equitable reason for sustaining the claim of the defendant Taylor that she should not be ordered to repay this deposit, and her counsel have cited no authority which affords support for such a contention. The situation determinative of the relationship between the three parties clearly appears from the finding. The $300 deposit, which it is undisputed Taylor has retained, was, as is apparent from the express terms of the lease, a payment made solely to secure performance of the plaintiff's obligations under the lease and was not a payment of rent. See *Schoen* v. *New Britain Trust Co.*, 111 Conn. 466, 472, 150 A. 696. The agreement of September 3 between the plaintiff and Frechette established their mutual intent that the latter as owner should supplant the plaintiff lessee in continuing the rooming house business on the premises, if Frechette succeeded in purchasing the property.

Therefore, there can be no doubt that the plaintiff's surrender of the lease together with possession of the premises, and their acceptance by Frechette shortly after the purchase was accomplished, effectively terminated the lease. Since all of the plaintiff's obligations to Taylor thereunder had been fully discharged and the lease terminated, Taylor had no further right, title or interest in the money but merely held it for the plaintiff. Where such a deposit is made by a tenant for security, the lessor's right of retention exists as long as the relation of landlord and tenant continues and until the termination of such relation and consequent cessation of the liabilities which the deposit was intended to secure, at which time the landlord is bound to return the deposit or security, or account therefor. *Schoen* v. *New Britain Trust Co.,* supra; *Hecklau* v. *Hauser,* 71 N. J. L. 478, 480, 59 A. 18; 1 Underhill, Landlord & Tenant, p. 586; 52 C. J. S. 218, § 473, a; and see *Stern* v. *Green,* 127 Wash. 429, 435, 221 P. 601; *Connolly* v. *Bachman,* 209 Ill. App. 327, 328; *Vailsburg Amusement Co.* v. *Criterion Investment Co.,* 9 N. J. Misc. 951, 954, 156 A. 114; *Cummings* v. *Freehold Trust Co.,* 118 N. J. L. 193, 194, 191 A. 782. The court did not err in concluding that the obligation to repay the deposit to the plaintiff rested upon the defendant Taylor.

There is no error.

In this opinion the other judges concurred.