## John McCoy, Executor (Estate of Fred Williams) *v.* Paul J. Raucci

Alcorn, House, Thim, Ryan and Covello, Js.

Argued December 5, 1967—decided February 6, 1968

*Allan R. Johnson,* with whom, on the brief, were *Gregory C. Willis* and *Edward J. Holahan, Jr.,* for the appellant (defendant).

*Raymond F. Ross,* for the appellee (plaintiff).

ALCORN, J.   On October 16, 1963, the decedent, Fred Williams, a resident of Bridgeport, made his will, naming John M. McCoy and Evelyn D. Roobroeck as executors.   On January 25, 1964, Williams was struck and injured by an automobile owned and driven by the defendant.   Williams died four days later.   McCoy offered the decedent's will for probate in the Probate Court for the district of Bridgeport, and, on March 5, 1964, that court duly admitted the will to probate and confirmed McCoy as executor, Evelyn D. Roobroeck having declined to serve.   By a writ and complaint dated August 5, 1964, McCoy, acting as executor of the Williams estate, brought this action against the defendant, seeking to recover damages for the death of Williams.   The defendant filed an answer which either denied or pleaded no knowledge of each allegation of the complaint and, in a special defense, alleged contributory negligence on the part of Williams.   On October 4, 1964, McCoy submitted a copy of the decedent's will to the prothonotary of the Superior Court for the province of Quebec, in the district of Hull, Canada, and was appointed executor by that court.   Thereafter, the present action for damages was fully tried on the issues framed by the pleadings, and judgment was rendered for the plaintiff.

At the conclusion of the trial, the defendant, for

the first time, orally sought to raise an issue as to McCoy's status to maintain the action. The claim was that the court lacked jurisdiction of the subject matter and the parties because the decedent's domicil was in Canada, and consequently the executor's appointment by the Bridgeport Probate Court should have been ancillary. Upon the premise that the defendant was entitled to raise an issue of jurisdiction at any time, the plaintiff did not object, and evidence was offered by the parties on the subject of the decedent's domicil. The court decided that the defendant's attack was not timely but that, nevertheless, as a conclusion of fact, the decedent was domiciled in Bridgeport at the time of his death as the Probate Court had decided. This aspect of the case furnishes the principal issue in the defendant's appeal from the judgment.

If the plaintiff had objected when the issue was raised, as he properly could have done, the court doubtless would have refused to entertain the question. The attack was upon the capacity in which the plaintiff undertook to sue rather than an attack upon the jurisdiction of the court. "Jurisdiction is the power in a court to hear and determine the cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process." *Brown* v. *Cato,* 147 Conn. 418, 422, 162 A.2d 175. It cannot successfully be urged that the court lacked the power to hear and determine an action for wrongful death brought under § 52-555 of the General Statutes. No question is raised as to the process, and the parties were not only personally present but had been fully heard on the issues presented by the pleadings. The defendant's only objection is that the plaintiff should have been before the court

in the capacity of an ancillary executor rather than as an executor. Such a claim, if it had any validity, came too late. The design of the rules of practice is to have formal and technical objections made known at an early stage of the proceedings so that, if necessary, a plaintiff may amend and proceed anew. *Loomis* v. *Hollister,* 75 Conn. 275, 279, 53 A. 579; *Donaghue* v. *Gaffy,* 53 Conn. 43, 52, 2 A. 397.

The complaint alleged that the plaintiff was acting as the duly qualified and appointed executor of the decedent's estate. The identity of the appointing court was not alleged. To this allegation the defendant answered that he had no knowledge or information. This answer did not raise an issue as to the plaintiff's capacity to sue. *Lewis* v. *Scoville,* 94 Conn. 79, 84, 108 A. 501; *Merwin* v. *Richardson,* 52 Conn. 223, 233. The decedent having died a resident of Bridgeport, the plaintiff exhibited the will to the Probate Court for the district of Bridgeport, as General Statutes § 45-163 required him to do, and that court, as it was empowered to do, approved the will and approved the plaintiff named therein as executor. *Terry's Appeal,* 67 Conn. 181, 185, 34 A. 1032. As executor, the plaintiff was empowered to sue for the injuries resulting in the decedent's death. General Statutes § 52-555. And that right existed regardless of whether his appointment issued from a court in this state or in a foreign jurisdiction. *Hartford & N.H.R. Co.* v. *Andrews,* 36 Conn. 213, 215. Actually, he held an appointment as executor from both a local and a foreign court and from the only courts which, so far as the record discloses, had any concern, ancillary or otherwise, with the decedent's estate. Any attack on the capacity in which the plaintiff undertook to sue

should have been made in a preliminary pleading or in the defendant's answer. General Statutes § 52-93. Since the defendant made no specific denial of the plaintiff's right to sue as executor as required by § 52-93, he was precluded from doing so in the manner and at the time attempted. *Giannattasio* v. *Silano,* 115 Conn. 299, 301, 161 A. 336. We are not called upon to decide whether the attack would have had any merit if it had been properly made.

The trial court was correct in concluding that the claimed jurisdictional attack was not timely. The basic issue involved was, nevertheless, conclusively determined by the court as a question of fact. After hearing the evidence presented by the parties, the court concluded that the decedent was, at the time of his death, a resident of and domiciled in Bridgeport. That conclusion is amply supported by an extensive finding of subordinate facts, to which the defendant has not assigned error. Since the defendant has sought no correction in these subordinate facts, they stand unchallenged. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692, 88 A.2d 379. Consequently, the record discloses, as a fact, that the plaintiff is the duly qualified executor of the estate of the decedent, whose residence and domicil was in Bridgeport.

We turn now to the other issues presented by the defendant's appeal. The court's finding is not subject to correction in any material respect. It discloses, in substance, that at about 3 p.m. on January 25, 1964, the decedent waited at the corner of Capitol and Madison Avenues in Bridgeport for the traffic light at the intersection to change. It was daylight and visibility was good. He walked westward across Madison Avenue and then started to walk northerly across Capitol Avenue when he

was struck on the right side and thrown about five feet by an automobile owned and driven by the defendant. In falling, he struck the ground with the left side of his head, fracturing his skull and injuring his brain. The defendant had driven northerly on Madison Avenue without seeing the decedent cross that street. At the intersection of Madison and Capitol Avenues, the defendant waited for southbound traffic to pass preparatory to turning left into Capitol Avenue. He concentrated on the southbound traffic and saw no pedestrians. The traffic light facing him at the intersection was green and would likewise be green for a pedestrian crossing Capitol Avenue. A vehicle southbound on Madison Avenue stopped, and the driver signaled to the defendant to make his left turn. Without any preliminary look into Capitol Avenue, the defendant gave a courtesy wave to the other driver, turned his car to the left, and struck the decedent. Although there was nothing to obstruct his vision, the defendant did not see the decedent until he struck him. At the moment of impact, most of the defendant's car was in the marked crosswalk, and the car was still in the process of turning.

The court concluded that the defendant was negligent because he did not keep a proper lookout, was inattentive, failed to sound a horn, apply his brakes, or alter his course after he should have become aware of the decedent's presence, and failed to yield the right of way to the decedent. The court also concluded that there was no contributory negligence on the decedent's part. Conclusions of negligence or freedom from it are ordinarily conclusions of fact, and, if they are reasonably reached from the facts found, the decision of the trier is final. *Gorman* v. *American Sumatra Tobacco Corporation,*

146 Conn. 383, 386, 151 A.2d 341. The subordinate facts found by the court, only a portion of which have been summarized above, fully supported the court's conclusions.

In his brief, the defendant argues that the court erred in concluding that the defendant's negligence was a proximate cause of the decedent's injuries and death. That conclusion is not, however, assigned as error, and consequently we need not consider it. Practice Book § 652; *Charlton Press, Inc.* v. *Sullivan*, 153 Conn. 103, 113, 214 A.2d 354.

The defendant also claims that the court erred in concluding that the decedent was not contributorily negligent. As already indicated, the subordinate facts found by the court support the court's conclusion, and the defendant has not sought the addition of other facts which would require a contrary conclusion, nor do the appendices to the briefs disclose any.

Finally, the defendant claims that the court erred in considering pain and suffering and the decedent's actuarial life expectancy as proper elements in its award of damages. A further claim that the court reached an incorrect conclusion concerning the decedent's earnings, which entered into the award of damages, need not be considered because the defendant has not attacked the finding which fully supports that conclusion.

In reaching its conclusion as to the damages to be awarded, the court was entitled to believe the testimony most favorable to the plaintiff. *Lupak* v. *Karalekas*, 147 Conn. 432, 433, 162 A.2d 180. The familiar elements of permissible damages in death cases are laid down in *Chase* v. *Fitzgerald*, 132 Conn. 461, 466–71, 45 A.2d 789. Aside from the special expenses allowed by the statutes, the trier

must endeavor to make an intelligent estimate upon the various elements involved, including "what the future course of any life, if continued, would have been." *Fairbanks* v. *State,* 143 Conn. 653, 659, 124 A.2d 893. The decedent was seventy-four years old, with an average life expectancy of 8.37 years. He had fractured his hip in August, 1963, and had recovered from that injury, which had occurred under circumstances indicating that he had a very rugged constitution. Before the injury which caused his death, he was alert, active and vigorous. He had been educated as an electrical engineer, had worked as such, was an inventor and had managed a dairy and a large farm in Canada. He enjoyed walking and often walked four or five miles a day. In the light of the fact that none of these facts was attacked by the defendant, it was not unreasonable for the court to conclude that the decedent had a life expectancy of at least the average man of his age.

The court found that during the three and one-half days between his injury and his death, the decedent was, at times, in a semicomatose state and capable of sensing pain and that it was medically probable that he did suffer pain. The defendant assigns error in this finding, but the evidence printed in the appendices fully supports it. The claim that pain and suffering should have been excluded in arriving at the proper damages is without merit.

There is no error.

In this opinion the other judges concurred.