[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
The defendants in this action have filed similar motions to dismiss the case on the grounds of lack of subject-matter jurisdiction, claiming that an estate does not have legal capacity to bring an action in the Superior Court, and in the alternative that a fiduciary appointed in another state but not in Connecticut does not have capacity to bring suit on behalf of the estate here. Where a motion to dismiss does not seek to introduce facts outside of the record it admits all well-pleaded facts and the complaint is construed most favorably to the plaintiff, but the plaintiff's right to bring the action is tested by the facts alleged in the complaint, disregarding legal conclusions. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217.
The complaint alleges that the decedent, Jorge Tapia, was at the time of his death on October 24, 1989 a resident of the town of Mamaroneck, New York and that the Probate Court for the District of Mamaroneck, New York appointed the plaintiff Marilyn Kranis as executrix of the deceased's estate, and that she continues to qualify as the executrix. There is no allegation that the decedent owned property in this state or that Marilyn Kranis secured ancillary administration in any probate court in Connecticut. The defendants claim first that the plaintiff in this case is the Estate of Jorge Tapia, which is not a legal entity capable of bringing suit. While the defendants are correct that an estate does not have a legal existence and cannot sue or be sued, Isaac v. Mount Sinai Hospital; 3 Conn. App. 598, 600, and cases cited therein, paragraph one of the complaint states that Marilyn Kranis CT Page 8960 as executrix of the decedent's estate is the plaintiff. Technically it is the summons rather than the complaint which describes the parties. Goodrich v. Alfred, 72 Conn. 257, 261. The defendants have arguably raised a question over the plaintiff's capacity to sue, but this is a claim generally raised as a special defense in the answer rather than a motion to dismiss. McCoy v. Raucci,156 Conn. 115, 117-119.
It is also the general rule that the qualification of an administrator or an executor in another state does not give him the right to administer assets in this state or bring an action here, and the fiduciary must first take out ancillary administration in a probate court in Connecticut. Equitable Trust Company v. Plume,92 Conn. 649, 654, citing Hobart v. Connecticut Turnpike Co.,15 Conn. 145, 147: Riley v. Riley, 3 Day, 74, 88. See also Cramer v. Tepp, 6 Conn. Sup. 320, 322; Noel v. St. Johnsbury Trucking Co., 147 F. Sup. 432, 433 (D. Conn. 1956). However, McCoy v. Raucci, supra, 118, indicates that the executor of the decedent's estate is allowed to bring an action pursuant to 52-555 of the General Statutes for injuries resulting in the decedent's death regardless of whether the appointment was issued from a court in the state or a foreign jurisdiction. That decision also noted that the failure to secure ancillary administration was not made in a timely manner. Id, 119. In Connecticut a challenge to the right of a plaintiff to sue as a fiduciary must be raised by a special defense. Section 160 of the Practice Book provides that "if the defendant intends to controvert the right of the plaintiff to sue as executor, or as trustee, or in any other representative capacity . . . he shall deny the same in his answer specifically." In First Wisconsin Trust Company v. Pine, 6 Conn. Sup. 323, a motion to erase for lack of jurisdiction was denied where the complaint did not state whether the executor had qualified as executor in Connecticut, and the court stated that the claim should be raised as a defense pleaded in the answer. The general rule in other states is also that lack of capacity of a plaintiff-fiduciary may bar a recovery, but it does not go to the jurisdiction of the court. IA CJS 44, Actions, Section 359; 39 Am.Jur.2d 169, Guardian and Ward, Section 220.
In any event, neither of the defects raised by the defendants go to subject-matter jurisdiction of the court. McCoy v. Raucci supra, 117. Claims of lack of jurisdiction other than over the subject matter of the action are waived if not raised by a motion to dismiss filed within 30 days of the filing of an appearance by a defendant. Sections 144 and 145, Connecticut Practice Book. CT Page 8961 Both motions to dismiss were filed long after the 30-day time limit for raising non-subject matter jurisdiction defects. The motions to dismiss are denied.
Fuller, J.