[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (#109)
This matter comes before the court on defendants' motion to dismiss for want of subject matter jurisdiction. It is claimed that because ancillary administration has not been served in Connecticut, the plaintiff lacks legal standing or capacity to sue.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks CT Page 5994 omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410,722 A.2d 271 (1999)
"The qualification of an administrator or executor in a foreign jurisdiction does not, as such, give him the right to administer upon assets here, or to sue to recover a debt due here. He must first take out ancillary administration." EquitableTrust Co. v. Plume, 92 Conn. 649, 654, 103 A. 940 (1918). When a defendant contests the plaintiff's legal status to sue, and asserts that the plaintiff should have obtained an ancillary appointment, "[t]he attack [is] upon the capacity in which the plaintiff undertook to sue rather than an attack upon thejurisdiction of the court." (Emphasis added.) McCoy v. Raucci,156 Conn. 115, 117, 239 A.2d 689 (1968). "Any attack on the capacity in which the plaintiff undertook to sue should have been made in a preliminary pleading or in the defendant's answer." Id., 118-19; see also First Wisconsin Trust Co. v. Pine,6 Conn. Sup. 323 (1938) ("failure to qualify [as executor in Connecticut] is a defense, to be pleaded in the answer"); Estate of Tapia v.Burns, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 284858 (September 20, 1993, Fuller, J.) (8 CSCR 1141) ("a challenge to the right of a plaintiff to sue as a fiduciary must be raised by a special defense"); Practice Book § 10-46 (formerly § 160) ("Any defendant who intends to controvert the right of the plaintiff to sue as executor, or as a trustee, or in any other representative capacity, . . . shall deny the same in the answer specifically"). In the answer, the defendant must specifically deny the plaintiff's allegation of her having been duly appointed, not merely claim lack of knowledge or information. McCoy v. Raucci, supra, 156 Conn. 118.
The plaintiff's complaint, paragraph one, alleges that "Donna Civitarese . . . on June 13, 1997, was duly appointed by the Court of Probate, District of North Stonington of the State of Connecticut as Administratrix of the deceased's estate, and has been acting as such." The defendants' answer to that allegation states that they "have no knowledge or information sufficient to form a belief and therefore leave the plaintiff to her proof." As special defenses, the defendants assert contributory negligence on the part of the decedent and the statute of limitations. The defendants have not raised an objection to the plaintiff's failure to secure an ancillary administration until the filing of the present motion to dismiss.
As in McCoy v. Raucci, supra, the defendants' only objection CT Page 5995 is that the plaintiff should have secured an ancillary administration rather than a full administration in Connecticut. This objection does not implicate the subject matter jurisdiction of this court. Rather, this is an attack upon the plaintiff's capacity as a fiduciary, and "should have been made in a preliminary pleading or in the defendant's answer." McCoy v.Raucci, supra, 156 Conn. 119.
Because the defendants' motion to dismiss does not attack the subject matter jurisdiction of this court, any other claims of lack of jurisdiction are waived if not raised by a motion to dismiss filed within thirty days of the defendants' appearance. See Practice Book §§ 10-32 (formerly § 144) and 10-33
(formerly § 145). The present motion to dismiss was filed long after the thirty-day time limitation for raising non-subject matter jurisdiction objections.
The defendants' motion to dismiss is denied.
Mihalakos, J.